**BROWN RUDNICK LLP**
Seven Times Square
New York, New York 10036
(212) 209-4800
David J. Molton
May Orenstein
Daniel J. Saval
Kerry L. Quinn

*Attorneys for the Foreign Representatives*



## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 15 Case |
| Fairfield Sentry Limited, et al., | Case No: 10-13164 (BRL) |
| Debtors in Foreign Proceedings. | Jointly Administered |
| | |
| Fairfield Sentry Limited and Fairfield Sigma Limited | |
| | Adv. Pro. No. _____ |
| Plaintiffs, | |
| V. | **NOTICE OF REMOVAL** |
| Safra National Bank of New York and Beneficial Owners of the Accounts Held In the Name of Safra National Bank of New York 1-1000, | |
| | **JURY TRIAL DEMANDED** |
| Defendants. | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

Pursuant to 28 U.S.C. §§ 157, 1334, 1441 and 1452, Rule 9027 of the Federal Rules of Bankruptcy Procedure, Kenneth Krys and Christopher Stride (the "Foreign Representatives"), in their capacities as the duly appointed foreign representatives of the

liquidation proceedings of Fairfield Sentry Limited ("Sentry") and Fairfield Sigma Limited ("Sigma") pending before the Commercial Division of the High Court of Justice, British Virgin Islands (the "BVI Court"), and Christopher Stride, in his capacity as the foreign representative of the liquidation proceeding of Fairfield Lambda Limited ("Lambda," and together with Sentry and Sigma, the "Debtors") pending before the BVI Court, through their attorneys Brown Rudnick LLP, hereby give notice of the removal to the United States District Court for the Southern District of New York (the "District Court"), and referral to the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") of all claims and causes of action asserted in the action captioned below (the "Safra Redeemer Action"):

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

-----------------------------------------------------------------------X

FAIRFIELD SENTRY LIMITED and FAIRFIELD
SIGMA LIMITED

                                                       Plaintiffs,

                            -against-

SAFRA NATIONAL BANK OF NEW YORK and
BENEFICIAL OWNERS OF THE ACCOUNTS HELD
IN THE NAME OF SAFRA NATIONAL BANK OF
NEW YORK 1-1000,

                                            Defendants.

-----------------------------------------------------------------------X

Index No. 650645/2010

In support of this Notice of Removal, the Foreign Representatives respectfully represent as follows:

## BACKGROUND

### Safra Redeemer Action

1.      On June 15, 2010, Sentry and Sigma, at the direction of the Foreign Representatives, commenced the Safra Redeemer Action in the Supreme Court for the State of New York, New York County (the "New York State Court") against Safra National Bank of New York and the Beneficial Holders of the accounts held in the name of Safra National Bank of New York 1-1000 (collectively, the "Safra Defendants"), seeking recovery of $101,686,470.86 in funds paid to the Safra Defendants for the redemption of Sentry and Sigma shares prior to December 2008, the month when the Madoff fraud was discovered.

2.      The nature of the Safra Redeemer Action is for mistake and restitution arising out of such redemption payments, and such action asserts claims of unjust enrichment, money had and received, mistaken payment and constructive trust.

3.      On June 15, 2010, Sentry and Sigma filed a Summons with Notice, commencing the Safra Redeemer Action, which was served on the Safra Defendants on June 22, 2010. On July 20, 2010, the Safra Defendants filed a Demand for Complaint. On August 9, 2010, Sentry and Sigma filed the Complaint, which was served on the Safra Defendants on August 9, 2010. On August 19, 2010, the Safra Defendants filed a Request for Judicial Intervention, requesting a preliminary status conference. On August 24, 2010, the Safra Defendants filed an answer to the Complaint.

### Chapter 15 Cases

4.      On June 14, 2010, the Foreign Representatives filed voluntary petitions in the Bankruptcy Court for recognition of each of the Debtors' insolvency proceedings pending before the Commercial Division of the High Court of Justice, British Virgin Islands (the "BVI

Proceedings"), as foreign main proceedings under Chapter 15 of title 11 of the United States Code (the "Bankruptcy Code"). On July 22, 2010, the Bankruptcy Court entered a Minute Order in the Debtors' jointly-administered Chapter 15 cases recognizing the BVI Proceedings as foreign main proceedings under Chapter 15 of the Bankruptcy Code [Docket No. 47] (as amended by Docket No. 48 and Docket No. 51, the "Recognition Order"). A true and correct copy of the Recognition Order, with amendments, is attached hereto as **Exhibit A**.

## BASIS FOR REMOVAL

5.      The claims asserted in the Safra Redeemer Action are removable to the District Court pursuant to 28 U.S.C. § 1452(a) and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

6.      The District Court has jurisdiction over the claims asserted in the Safra Redeemer Action pursuant to 28 U.S.C. §§ 1334(b) and 1452(a) because they are related to the Debtors' Chapter 15 cases pending in the Bankruptcy Court, styled In re Fairfield Sentry Limited, et al., Debtors in Foreign Proceedings, Case No. 10-13164 (BRL). The claims and causes of action asserted in the Safra Redeemer Action represent significant assets of the Debtors that are currently being administered in the United States, and the resolution of such claims will impact the Debtors' Chapter 15 cases. Additionally, the District Court has jurisdiction over the claims asserted in the Safra Redeemer Action under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and the Debtors and the defendants in the Safra Redeemer Action have diversity of citizenship.

7.      Additionally, the claims and causes of action in the Safra Redeemer Action can be heard and determined in the Bankruptcy Court on reference from the District Court pursuant to 28 U.S.C. § 157(a) and the July 10, 1984 Standing Order of Referral of Cases to Bankruptcy

Judges issued by the District Court for the Southern District of New York (Ward, Acting Chief Judge) (the "Standing Order of Referral") because the Safra Redeemer Action is related to the Debtors' Chapter 15 cases and the Bankruptcy Court derives its jurisdictional authority from the District Court.

8.      The claims asserted in the Safra Redeemer Action constitute components of a broader-scale litigation undertaken by the Foreign Representatives to recover and administer assets belonging to the Debtors.  Removal of the claims asserted in the Safra Redeemer Action and referral to the Bankruptcy Court best facilitates the Foreign Representatives' goals of efficiently and timely administering the Debtors' affairs and assets through the Chapter 15 cases and the BVI Proceedings by concentrating all matters related to the Debtors before one court.

9.      Upon removal, the claims asserted in the Safra Redeemer Action are core proceedings within the meaning of 28 U.S.C. § 157(b)(2)(O) and (P) because they relate to the administration of the Debtors' Chapter 15 cases and affect the liquidation of the Debtors' assets, including, without limitation, the ability of the Foreign Representatives to administer and realize upon the Debtors' assets in the United States as provided in the Recognition Order and under 11 U.S.C. §§ 1520 and 1521.

10.     In the event any of the claims asserted in the Safra Redeemer Action are determined to be non-core, the Foreign Representatives consent to the entry of a final order or judgment by the Bankruptcy Court.

11.     Pursuant to the requirements of Rule 9027, copies of all significant pleadings filed in the Safra Redeemer Action, including the summons and complaint commencing the Safra Redeemer Action and the answer to the complaint filed by the Safra Defendants, are attached hereto as **Exhibit B**.

12.     In accordance with Rule 9027, the Foreign Representatives will serve a filed copy of this Notice of Removal on all parties to the Safra Redeemer Action, as well as the clerk of the New York State Court and the clerk of the Bankruptcy Court.

NOW THEREFORE, the parties to the Safra Redeemer Action, captioned as Fairfield Sentry Limited and Fairfield Sigma Limited v. Safra National Bank of New York, et. al., Index No. 650645/2010, pending in the New York State Court, are HEREBY NOTIFIED, pursuant to Rule 9027(c) of the Federal Rules of Bankruptcy Procedures, that:

A.     Removal of all claims and causes of action asserted in the Safra Redeemer Action was effected upon the filing of a copy of this Notice of Removal with the clerk of the New York State Court.

B.     The claims and causes of action asserted in the Safra Redeemer Action are removed from the New York State Court to the United States District Court for the Southern District of New York and, pursuant to 28 U.S.C. § 1452(a) and the Standing Order of Referral, are referred to the United States Bankruptcy Court for the Southern District of New York for hearing and determination in connection with the Debtors' pending Chapter 15 cases, styled In re Fairfield Sentry Limited, et al., Debtors in Foreign Proceedings, Case No. 10-13164 (BRL).

C.     The parties to the Safra Redeemer Action shall proceed no further in the New York State Court unless and until the action is remanded by the Bankruptcy Court.

Dated:  August 25, 2010
        New York, New York

**BROWN RUDNICK LLP**

By:  _____
        David J. Molton
        May Orenstein
        Daniel J. Saval
        Kerry L. Quinn
        Seven Times Square
        New York, New York 10036
        (212) 209-4822

*Attorneys for the Foreign Representatives*

# 1768349